IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN LUKE TERRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-431 |
| ) | |
| LELAND DUDEK,[1] ) | |
| *Acting Commissioner of Social Security,* ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 27th day of March, 2025, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and his claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may

---

[1] Leland Dudek is substituted as the defendant in this matter pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g). The Clerk is directed to amend the docket to reflect this change.

neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2] Plaintiff raises several arguments pertaining to his residual functional capacity ("RFC") finding and the hypothetical the ALJ posed to the Vocational Expert ("VE"). Plaintiff contends that the ALJ's decision is not supported by substantial evidence because the ALJ failed to include Plaintiff's inability to adapt and manage himself within the RFC and VE hypothetical. (Doc. No. 9 at 3-6). Next, Plaintiff argues the ALJ erred by failing to consider that Plaintiff would be off-task more than 15% of the workday and would miss more than one workday per-month. (*Id.* at 6-8). Lastly, Plaintiff posits that the ALJ overlooked his memory and concentration issues. (*Id.*). Upon careful consideration of the record, the Court disagrees and will affirm the ALJ's decision for the following reasons.

As noted, Plaintiff first contends that his RFC and corresponding VE hypothetical failed to include his mild limitation in his ability to adapt and manage himself. (Doc. No. 9 at 3-6). Plaintiff argues his case is similar to *Gibson v. Comm'r*, No. 17-6507, 2018 WL 6897648, at *4 (D.N.J. Dec. 21, 2018) and *Ramirez v. Barnhart*, 372 F.3d 546, 554 (3d Cir. 2004), among other similar cases, where the Court held it was error for the ALJ to have failed to include the claimant's mental limitations in the VE hypothetical. Plaintiff overlooks that his case is distinguishable from *Gibson* and *Ramirez*. *Gibson* involved an RFC and VE hypothetical with no mental limitations despite the existence of mild mental limitations found at Steps Two and Three. *Gibson*, 2018 WL 6897648, at *3. Similarly, *Ramirez* involved remand for reconsideration of an RFC in light of the ALJ's finding of moderate limitations in concentration, persistence, and pace. *Ramirez*, 372 F.3d at 554. In contrast to these cases, the facts here involve only mild limitations in adapting and managing oneself and Plaintiff's RFC and VE hypothetical included mental limitations, such as simple instructions and simple work-related decisions. (R. 22, 53).

Additionally, "*Ramirez v. Barnhart*, 372 F.3d 546 (3d Cir. 2004), does not stand for the proposition that a mild impairment in adapting or managing oneself demands a specific corresponding functional limitation in the RFC, but that the ALJ must provide a 'valid explanation' for how he or she formulated the RFC." *Blakeman v. O'Malley*, No. 23-760, 2024 WL 1833913, at *1 n.2 (W.D. Pa. Apr. 26, 2024). Here, the ALJ adequately explained that his finding of a mild limitation in adapting or managing oneself was reflected in the RFC assessment. (R. 22-23). Specifically, the ALJ considered Plaintiff's statements that he experienced dysphoric moods, diminished sense of pleasure, fatigue, feelings of hopelessness, and panic episodes, among other allegations. (R. 23). The ALJ further acknowledged that Plaintiff's mental status exams were generally unremarkable and that the examinations of Plaintiff's memory showed his recent and remote memory to be intact. (R. 24). The ALJ also found several medical opinions persuasive where the doctors opined that Plaintiff had no adaptive limitations. (R. 25-

2

26). All together, the ALJ's decision shows there is substantial evidence to support Plaintiff's RFC and corresponding VE hypothetical.

The Court also rejects Plaintiff's argument that the ALJ erred by failing to consider that Plaintiff would be off task more than 15% of the workday and would miss more than one workday per-month. (Doc. No. 9 at 6-8). Plaintiff relies on the VE's testimony that an employee could be off-task no more than 15% of the workday and could not miss more than one day of work per month in order to sustain employment. (*Id.*). Plaintiff contends that the ALJ failed to discuss or consider whether these limitations were applicable to preclude her from performing work. (*Id.*). The Court notes that the ALJ must only include "credibly established" limitations into the claimant's RFC and corresponding VE hypothetical. *Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8 (3d Cir. 2005). Here, the ALJ acknowledged Plaintiff's testimony that he had trouble completing tasks, but found that Plaintiff's subjective complaints were not supported by the objective evidence. (R. 23-24). Moreover, as Defendant points out, no medical source offered an opinion that Plaintiff would be off-task or routinely absent from work. (Doc. No. 13 at 24). The ALJ was under no obligation to accept the VE's testimony that an employee could be off task no more than 15% of the workday and could not miss more than one day of work per-month to sustain employment where such a restriction was properly not included in Plaintiff's RFC. (R. 54-55). In sum, the Court finds no error on this point.

Plaintiff further contends that the ALJ overlooked his memory and concentration issues when crafting the RFC. (Doc. No. 9 at 6-8). Plaintiff argues that the record shows he missed appointments because of his memory problems and that he had trouble concentrating, which was supported by a consultative examination. (*Id.*). To the extent these appointments occurred after Plaintiff's alleged onset date, the ALJ heard Plaintiff's testimony about missing appointments and acknowledged that Plaintiff reported needing reminders to attend appointments. (R. 23, 39). Further, Plaintiff points to a consultative examination performed by Dr. Haneen Efein, Psy.D., who found that Plaintiff had mild concentration and attention impairments. (Ex. C9F/5). The ALJ found this opinion persuasive, but also noted that the evidence showed that Plaintiff had intact memory and attention. (R. 24-25 (citing Ex. C1F)). Additionally, the ALJ explained that Dr. Efein noted discussion with Plaintiff regarding his diminished memory and his inability to complete a serial 7 exercise, but that Plaintiff could discuss his medical history and details about schooling and work, was fully oriented, and had coherent and goal-directed thought processes, among other normal findings. (R. 25). Accounting for all of this evidence, the ALJ assessed that Plaintiff could perform simple work, carry out simple instructions, and make simple work-related decisions. (R. 22).

In sum, the ALJ's findings and conclusions are supported by substantial evidence and the decision of the Commissioner must be affirmed.

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 8) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

s/Mark R. Hornak<br>Chief United States District Judge

ecf:    Counsel of record